**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| VANAIR MANUFACTURING, INC., | ) | |
| *Plaintiff,* | ) | |
| v. | ) | Case No. |
| VMAC GLOBAL TECHNOLOGY INC., | ) | Jury Trial Demanded |
| *Defendant.* | ) | |

# COMPLAINT

Plaintiff Vanair Manufacturing, Inc. ("Vanair") complains against Defendant VMAC Global Technology Inc. ("VMAC"), as follows:

## Parties

1. Vanair is a corporation organized under the laws of the State of Michigan and has its principal place of business at 10896 West 300 North, Michigan City, Indiana 46360. Vanair is a leading provider of mobile power solutions, including vehicle-mounted air compressors, generators, welders, and multi-drive systems. As an innovator in the field, Vanair was the first to utilize a truck vehicle's own engine and power-take-off (PTO) unit to drive a vehicle-mounted rotary screw air compressor. Vanair's underdeck rotary screw compressor systems mount in a way that frees up the truck bed for additional storage space.

2. Upon information and belief, VMAC is a corporation organized under the laws of Canada and has its principal place of business at 1333 Kipp Road, Nanaimo, BC, V9X 1R3, Canada. VMAC is a manufacturer of mobile air compressors and multi-power systems.

VMAC sells its products in the U.S. through a network of dealers located throughout the U.S., including the State of Indiana and this district.

**Jurisdiction and Venue**

3. This action arises under the patent laws of the United States, 35 U.S.C. § 101 *et seq*. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over VMAC pursuant to due process and the Indiana Long Arm Statute because VMAC has transacted business relating to the subject matter of this lawsuit within the State of Indiana and has committed one or more acts of infringement within the State of Indiana as described herein.

5. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(c)(3) as VMAC is a Canadian corporation not a resident in the United States and may be sued in any judicial district .

**Factual Background**

6. U.S. Patent No. 7,753,148 (the "'148 Patent") is entitled "Underdeck PTO/Gearbox/Compressor Combination" and was issued by the United States Patent and Trademark Office ("USPTO") on July 13, 2010. The '148 Patent relates generally to underdeck power take off (PTO) driven air compressors. The '148 Patent describes a PTO unit, gear box and air compressor that are combined into an integral unit, which, as stated in the'148 Patent, eliminates the need for a separate drive line. The PTO/gearbox/compressor combination is directly mounted to and supported from the side PTO provision of a vehicle transmission. A true and correct copy of the '148 Patent is attached as Exhibit A to this Complaint.

7. Vanair is the assignee and rightful owner of the '148 Patent. The assignments from the inventors, Ralph Kokot, Gregory M. Kokot, and Edward M. Vavrek, to Vanair are recorded in the USPTO.

8. VMAC makes, has made, sells and offers for sale in the United States and in this judicial district transmission mounted air compressors that infringe at least claim 1 of the '148 Patent (the "Accused Products"). The Accused Products include, but are not limited to, the VMAC DTM 70 CFM air compressor (the "DTM 70").

9. The Accused Products are an underdeck compressed air system having a compressor that is driven by an included PTO and is directly mounted to a truck's transmission. For example, on its website (www.vmacair.com), VMAC describes the DTM 70 as "a direct-transmission mounted PTO driven air compressor." *See* http://www.vmacair.com/product/transmission-mounted-air-compressors/#t1 (last visited May 17, 2017). VMAC also describes the DTM 70 as being "driven off an included PTO, directly mounted to the truck's transmission." *See* http://www.vmacair.com/product/transmission-mounted-air-compressors/#t3 (last visited May 17, 2017). In particular, VMAC asserts that "VMAC DTM 70 CFM air compressors free up to 25 cubic feet on the truck deck because the air compressor mounts to the transmission, and the rest of the system mounts under the truck." *Id*.

10. On information and belief, VMAC offers to sell and sells the Accused Products through an extensive network of dealers in the United States, including at least four dealers located in this judicial district. A screenshot of VMAC's website showing local VMAC dealers in this judicial district is attached as Exhibit B.

11. VMAC has established contacts within the Northern District of Indiana and purposefully availed itself of this jurisdiction by supplying, offering to sell, and/or selling the Accused Products that it knew would be used, sold, or offered for sale through its local dealers within the Northern District of Indiana.

## Claims

### *Count 1 — Patent Infringement*

12. Vanair restates and incorporate by reference the allegations in paragraphs 1 through 11 of this Complaint as if fully set forth herein.

13. VMAC, by itself, and through its subsidiaries, affiliates, and/or agents has been, and is, infringing at least claim 1 of the ’148 Patent under 35 U.S.C. § 271(a) by making, offering to sell and/or selling the Accused Products in the United States.

14. For example, as detailed in the “VMAC PTO Driven Air Compressor – Bid Specifications,” a true and correct copy of which is attached as Exhibit C, and in the illustration below taken from VMAC’s website, the Accused Products include a Chelsea ® brand power take off (PTO) unit, a gear case and a rotary screw air compressor.  Thus, the Accused Products include the claimed underdeck PTO, gear box, compressor combination.



15. VMAC has been, and is, actively inducing others to infringe at least claim 1 of the '148 Patent within the meaning of 35 U.S.C. § 271(b) by instructing others to assemble, use, offer to sell, and/or sell the Accused Products in the United States knowing that the induced acts constitute patent infringement. For example, VMAC provides directions to customers as to infringing uses of the Accused Products, as shown in the "Owners Manual DM70 System," a true and correct copy of which is attached as Exhibit D. VMAC also provides instructions for assembling the Accused Products, as shown in the "Installation Manual for VMAC System DM00001, 2011 - 2016 Ford SuperDuty 6.7L Diesel with PTO," a true and correct copy of which is attached as Exhibit E.

16. VMAC has been, and is, contributorily infringing at least claim 1 of the '148 Patent within the meaning of 35 U.S.C. § 271(c) by offering to sell and/or selling within the United States the Accused Products and subcomponents thereof, including but not limited to the air compressor and the gearbox, constituting a material part of the patented machine. As shown in the "Owners Manual DM70 System" (Exhibit D) and the "Installation Manual for VMAC System DM00001, 2011 - 2016 Ford SuperDuty 6.7L Diesel with PTO" (Exhibit E), these components are specially made or adapted for use in an infringing manner as part of a direct-transmission mounted PTO driven air compressor and are not staple articles of commerce suitable for substantial noninfringing uses.

17. VMAC's infringement of the '148 Patent has injured Vanair, and Vanair is entitled to recover damages adequate to compensate for such infringement pursuant to 35 U.S.C. § 284.

18. VMAC received notice that the Accused Products infringe at least one claim of the '148 Patent at least as early as August 12, 2014. However, despite such knowledge,

VMAC has continued to make, offer to sell and/or sell the Accused Products in the United States.

19. The continued infringement by VMAC has been willful and will irreparably harm Vanair unless the Court enters an injunction prohibiting further direct or indirect infringement of the ’148 Patent.

**Prayer for Relief**

WHEREFORE, Vanair prays for the following:

a. Judgment that the ’148 Patent has been, and is being, directly and indirectly infringed by Defendant VMAC;

b. Judgment that VMAC’s acts of patent infringement are willful;

c. A permanent injunction enjoining VMAC, its officers, agents, servants, employees, subsidiaries and affiliated companies, and those persons acting in active concert or participation therewith, from engaging in the aforesaid unlawful acts of patent infringement;

d. An award of damages arising out of VMAC’s acts of patent infringement, together with pre-judgment and post-judgment interest;

e. A finding that this is an exceptional case under 35 U.S.C. § 285; and

f. Judgment that the damages so adjudged against VMAC be trebled pursuant to 35 U.S.C. § 284.

g. An award of VMAC’s reasonable attorneys’ fees, costs and expenses incurred in connection with this action; and

h. Such further and additional relief as the Court deems just and proper.

**Jury Demand**

Plaintiff Vanair demands a jury trial on all issues and claims so triable.

Dated: May 26, 2017

Respectfully submitted,

*/s/ Charles A. Laff*

Charles A. Laff (1558153)
calaff@michaelbest.com
Larry L. Saret (2459337) (*Pro Hac Vice Application To Be Filed*)
llsaret@michaelbest.com
Gilberto E. Espinoza (6277437) (*Pro Hac Vice Application To Be Filed*)
geespinoza@michaelbest.com
Mircea A. Tipescu (6276053) (*Pro Hac Vice Application To Be Filed*)
matipescu@michaelbest.com
MICHAEL BEST & FRIEDRICH LLP
444 West Lake Street
Suite 3200
Chicago, Illinois 60606
Telephone: 312.222.0800
Facsimile: 312.222.0818

*Attorneys for Plaintiff*
*Vanair Manufacturing, Inc.*