# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| VANAIR MANUFACTURING, INC., <br>     Plaintiff, <br><br> v. <br><br> VMAC GLOBAL TECHNOLOGY INC., <br>     Defendant. | CAUSE NO.: 2:17-CV-236-JVB-JEM |

## OPINION AND ORDER

This matter is before the Court on Defendant VMAC's Motion to Stay Litigation Pending the PTAB's Decision on Whether to Institute an Inter Partes Review of the Patent-in-Suit[ DE 37], filed by Defendant on February 21, 2018. Defendant requests that the Court stay this case until the Patent Trial and Appeal Board ("PTAB") issues its institution decisions in Defendant's inter partes review ("IPR") proceedings. Plaintiff filed a response on March 7, 2018, and on March 14, 2018, Defendant filed a reply.

**I.  Background**

Plaintiff filed this patent infringement action on May 26, 2017, alleging that Defendant infringed its U.S. Patent No. 7,753,148. On September 25, 2017, Defendant filed a partial motion to dismiss the direct infringement allegations, which is still pending. On or before November 14, 2017, Plaintiff served its preliminary infringement disclosures, and on or before December 14, 2017, Defendant served its preliminary invalidity contentions. No other pretrial deadlines, such as deadlines for claim construction, discovery, or dispositive motions, have been set, and neither party has served any written discovery or performed any discovery other than initial disclosures and

preliminary contentions. On February 20, 2018, Defendant filed a petition for IPR with the PTAB asking it to review the validity of all claims of the patent.

**II.    Analysis**

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants," and a court considering whether to stay a case "must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (citations omitted); *see also Procter & Gamble Co. v. Kraft Foods Global, Inc.*, 549 F.3d 842, 849 (Fed. Cir. 2008) ("this court [Federal Circuit Court of Appeals] ha[s] consistently recognized the inherent power of the district courts to grant a stay pending reexamination of a patent"). Accordingly, when considering whether a stay is appropriate, "courts consider the following factors: (i) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (ii) whether a stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and on the court." *Tap Pharm. Prods., Inc. v. Atrix Lab., Inc.*, No. 03 C 7822, 2004 WL 422697, at *1 (N.D.Ill. Mar. 3, 2004). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken v. Holder*, 556 U.S. 418, 433-34 (2009). The Court will consider each factor in turn.

    A.    <u>Undue Prejudice or Tactical Disadvantage</u>

Plaintiff argues that it will be unduly prejudiced and tactically disadvantaged by a stay. Plaintiff argues that the PTAB is unlikely to grant Defendant's IPR petitions and that a decision denying institution of the IPR petition will not benefit the Court but will increase the complexity of construing the claims in this litigation. It argues that the Court should wait to see if IPR is instituted

before deciding whether to stay this case. Defendant argues that Vanair waiting for almost three years after contacting VMAC regarding the '148 patent before filing suit, so any prejudice from a delay now is offset by the long initial delay. It also argues that any minimal prejudice suffered by Plaintiff can be allayed by seeking damages that accrued during the stay. As to the tactical disadvantage, as Defendant argues, no answer has been field in this case, and no substantial discovery is being undertaken.

The Court need not make a determination as to the likelihood that the IPRs will be instituted. *See, e.g., Rensselaer Polytechnic Inst. v. Apple Inc.*, No. 1:13-CV-0633 DEP, 2014 WL 201965, at *8 (N.D.N.Y. Jan. 15, 2014) ("I have found no authority, however, to suggest that a court, lacking the expertise of the PTO, should examine the strength of a petitioner's claims of invalidity asserted in an IPR petition when addressing a motion to stay."). Although any delay can cause some prejudice, the delay in this case is limited to the amount of time it will take for PTAB to decide whether to institute IPR proceedings, a delay of only until approximately September 12, 2018. Plaintiff will not be unduly prejudiced or tactically disadvantaged by this relatively brief stay.

  B. <u>Simplification of Issues and Streamline Trial</u>

Defendant argues that if the PTAB cancels all of the claims of the patent-in-suit, the entire case would be resolved, and if even a few of the claims are cancelled, the issues in this case would be simplified. Plaintiff argues that the fact that the IPR may not be instituted also means that the stay may delay rather than streamline the proceedings, and that if the IPR is not instituted the proceedings would add another dimension to the claim construction process rather than simplifying it. Defendant argues that the IPR process provides more information, much like the discovery process, and that it is better to have the information from the IPR before the claim construction process begins.

3

Defendant also argues that even if the PTAB does nott institute an IPR, the decision will address issues relevant to this litigation, and the claim construction used by the PTAB may help inform claim construction in this litigation.

The Court recognizes that there may not be complete overlap between the IPR and the questions before the Court. However, resolution or guidance on some of the issues, and even knowing whether or not the PTAB will institute IPR proceedings regarding patent validity, will simplify this case and are likely to streamline the litigation. If some or all of the claims are cancelled, then the case could be significantly simplified.

  C. Burden of Litigation

Defendant argues that a stay may reduce the burden on the Court by eliminating the burden of litigation altogether, if the IPR results in the cancellation of all of the '148 patent's claims. If claims are narrowed through amendment, the scope of the '148 patent will change, and Defendant argues that it is more efficient for the parties and Court to wait until the language of the patent's claims are solidified before engaging in claim construction to avoid revisiting claim construction discovery or rulings issued during the pendency of the IPR.

Plaintiff argues that if Defendant really wants to simplify this litigation and reduce the burden on the parties and the Court, it should be required to agree to waive all grounds of invalidity it raised or could have raised in the IPR petition, even if the PAB does not institute IPR review of the '148 patent. Although this would indeed streamline the case, the case will not necessarily be made more complicated by considering statements made during an IPR proceeding, and the Court will not so limit the arguments available to Defendant in this case. Plaintiff also argues that if the PTAB denies IPR, then the case will not be simplified or the burden of litigation reduced.

Plaintiff has not identified any significant prejudice caused by the relatively brief stay, and, as Defendant argues, there are likely to be more efficiency gains made by waiting for the result of the PTAB's decision on whether to institute IPR proceedings. A stay may prevent unnecessary fact and expert discovery, motion practice, and claim construction briefing by clarifying the issues in this case, particularly since the claim construction briefs have not been filed and only minimal discovery has occurred. If the claims are simplified or canceled through the IPR proceedings, discovery and briefing may be further limited. The requested stay is relatively brief, and if Plaintiff does suffer undue prejudice, it can seek damages. Indeed, if the stay proves to be particularly damaging to Plaintiff, Plaintiff can move to have the stay lifted to limit that prejudice.

**III. Conclusion**

For the foregoing reasons, the Court hereby **GRANTS** Defendant VMAC's Motion to Stay Litigation Pending the PTAB's Decision on Whether to Institute an Inter Partes Review of the Patent-in-Suit [DE 37]. The Court **ORDERS** that all proceedings in this matter are **STAYED** until the PTAB decides whether to institute an IPR of the '148 patent, and **VACATES** the status hearing currently set for April 5, 2018. The Court **ORDERS** the parties to file a join status report within fourteen days of the PTAB decision, or by **September 26, 2018**, which ever date is earlier, informing the Court of the PTAB's decision and the status of the case.

So ORDERED this 30th day of March, 2018.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc: All counsel of record